IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMMIE A KELSEY | |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | |
| LVNV FUNDING, LLC | CASE NO: |
| SCHREIBER LAW LLC | |
| Defendants | November 29, 2022 |

## COMPLAINT

For this Complaint, the Plaintiff, by undersigned counsel, states as follows:

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), and the Connecticut Unfair Trade Practices Act (C.G.S. §42-110a et seq., ("CUTPA") as well as negligent infliction of emotional distress due to Defendants' unlawful efforts to collect on a consumer debt in Connecticut.

2. Plaintiff seeks relief pursuant to 15 U.S.C. §1692k of the FDCPA.

3. Plaintiff has been a resident of Florida since July 12, 2016. A copy of Plaintiff's Declaration of Domicile is attached hereto as Exhibit A.

1

4. Plaintiff is a former resident of Connecticut and currently resides at 411 Walnut Street #11590, Green Cove Springs, Florida ("Actual Residence").

5. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3) of the FDCPA, and she obtained a credit card (the "Card") from Citibank N.A. while she was a resident of the State of Connecticut.

6. Defendant LVNV Funding, LLC ("LVNV") is a limited liability company with an address of 6801 S. Cimarron Rd, Suite 424-J, Las Vegas, NV 89113 who is engaged in the business of buying defaulted consumer debts accounts and is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. §1692a(6)).

7. Defendant Schreiber Law, LLC ("Schreiber") is a limited liability company with an address of 53 Stiles Road, Suite A102, Salem NH, 03079 and is a law firm who regularly brings collection lawsuit against consumers who have defaulted on their debts and is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. §1692a(6)).

8. The Plaintiff is alleged to have incurred a financial obligation (the "Debt") to an original creditor, Citibank, N.A. (the "Original Creditor") in connection with purchases made with the Card.

9. The Debt arose from transactions in which the money, property or services provided by the Original Creditor to Plaintiff were primarily for family, personal or household purposes and thus the Debt meets the definition of a "debt" under 15 U.S.C. §1692a(5) of the FDCPA.

10. Based on information and belief, following Plaintiff's default on the Debt, the Original Creditor sold the Debt to LVNV.

11. Based on information and belief, the Debt was purchased, assigned or transferred to LVNV for collection, and Defendant LVNV then employed or hired Schreiber to collect the Debt.

12. By Summons and Complaint ("Complaint") with a return date of April 4, 2021, Schreiber, on behalf of LVNV, filed a collection suit ("Suit") in Connecticut Superior Court, Judicial District of New Haven, against Plaintiff in an attempt to collect the Debt.

13. According to the marshal's return of service in the Suit, Plaintiff was allegedly served with the Complaint by abode service at 34 Summit Drive, North Branford, CT 06471 ("2015 Address"). See attached Exhibit B.

14. As evidenced by LVNV's own 2020 account records, LVNV knew at the time that the Suit was commenced that the residential home address for the obligor of the Debt was Plaintiff's Actual Residence in Florida and not the 2015 Address in Connecticut. See attached Exhibit C.

15. After finally becoming aware of Suit on our around November 30, 2022, Plaintiff retained counsel and on December 7, 2021, counsel concurrently (a) filed an appearance in the Suit and (b) filed a motion to vacate ("Motion to Vacate") the judgment that had entered against the Plaintiff on the grounds that the court lacked personal jurisdiction over the Plaintiff.

16. The Motion to Vacate was accompanied by an affidavit of Defendant ("Affidavit") along with three exhibits thereto: (i) a duly executed

3

declaration of Florida domicile, (ii) pages from the Branford Land Records evidencing the sale by Plaintiff and her husband of the residence at the 2015 Address in 2016 and (c) a copy of Plaintiff's Florida driver's license. A copy of the Affidavit, along with the exhibits thereto is attached as Exhibit D.

17. On or around March 2022, Defendants agreed to open the judgment and withdraw the Suit, and on March 28, 2022 the Suit was withdrawn.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.
## (as to LVNV and SCHREIBER)

18. Defendant's collection efforts in connection with the Debt violated the FDCPA in general and 15 U.S.C. §1692i in particular.

19. LVNV, with the assistance of Schreiber, brought the Suit in Connecticut in an attempt to collect the Debt in a judicial district in which the Plaintiff did not reside and one in which Defendants knew or should have known she had not resided for the last 5 years.

20. Defendants also engaged in false and deceptive collection methods in violation of 15 U.S.C. §1692f of the FDCPA by attempting to collect a debt in an inconvenient forum and by attempting to collect a debt in a manner not permissible by law.

21. The foregoing acts and omissions of LVNV and Schreiber constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The foregoing acts and omissions of LVNV and Schreiber caused Plaintiff to incur a loss and/or suffer damages.

23. The foregoing actions of the Defendants resulted in Plaintiff's credit score being damaged, making it harder and more expensive for her to borrow money and generally caused Plaintiff to be otherwise embarrassed, inconvenienced or distressed.

24. The Plaintiff is entitled to statutory and actual damages under the FDCPA as a result of Defendant LVNV's and Defendant Schreiber's violations of the FDCPA.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, C.G.S. § 42-110a, et seq.:
## (as to LVNV)

25. The Plaintiff is a "person" as defined by C.G.S. §42-110a(3).

26. The Defendant, LVNV, is a 'person" as defined by C.G.S. §42-110a(3).

27. The alleged conduct by the LVNV constitutes a deceptive act or practice in the conduct of the trade or commerce as defined in C.G.S. §42-110b(a) in that said conduct involved knowingly, intentionally and/or wrongfully bringing a collection lawsuit in a state where Plaintiff would obviously be highly inconvenienced and in a manner in which Plaintiff was highly unlikely to ever receive actual notice of the Suit after judgment was rendered for LVNV.

28. The alleged conduct by LVNV constitutes a deceptive act or practice in the conduct of the trade or commerce as defined in C.G.S. §42-110b(a) in that

said conduct involved knowingly, intentionally and/or wrongfully serving Plaintiff with a summons and the Complaint at an address where Plaintiff had not resided since 2016 and where Plaintiff was highly unlikely to ever receive actual notice.

29. Serving a defendant at a false address and obtaining a judgment on the Debt in a forum where a consumer was unable to defend herself and exercise her due process rights constitutes actions likely to mislead a consumer acting reasonably under the circumstances into believing that an invalid judgment was, in fact, valid and enforceable.

30. The alleged conduct by LVNV constitutes a deceptive act or practice in the conduct of the trade or commerce as defined in C.G.S. §42-110b(a) because the Defendant LVNV's actions and practices prevented Plaintiff from exercising her right to defend herself in the Suit.

31. By violating the FDCPA, LVNV's conduct deprived the Plaintiff of the benefit of the bargain with the Original Creditor, which was that any attempt by the Original Creditor (or its successor in interest) to collect the Debt would be in accordance with both Federal and State law.

32. LVNV's and its agents' aforementioned acts and practices are immoral, unethical, oppressive and/or unscrupulous.

33. LVNV's and its agents' aforementioned acts and practices caused substantial injury and harm to Plaintiff who is a consumer.

34. LVNV's and its agents' aforementioned acts and practices offend public policy and are actions within at least the penumbra of common law and other established concepts of unfairness.

35. The aforementioned acts, practices and conduct engaged in by LVNV vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

36. Defendant's and its agents' aforementioned acts and practices constitute a deceptive act or practice in the conduct of the trade or commerce as defined in C.G.S. §42-110b(a).

37. As a result of Defendant's conduct, the Plaintiff has suffered an ascertainable loss of money or property.

38. As a result of its actions, the Defendant violated CUTPA and is liable to Plaintiff thereunder.

39. For Defendant's and its agents' aforementioned acts and practices and violations of CUTPA, Plaintiff is entitled to actual damages, costs and reasonable attorney's fees under CUTPA, and, in the discretion of the Court, punitive damages.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (as to both Defendants)

40. The Defendants should have realized that by bringing the Suit in an inconvenient forum, and one in which Plaintiff did not reside, its conduct

involved an unreasonable risk of causing emotional distress to the Plaintiff and that distress, if it were caused, might result in illness.

41. The aforementioned acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42. Plaintiff suffered anxiety and depression as a direct result of Defendants' unlawful actions in its attempt to collect the Debt from Plaintiff.

43. Defendants' conduct was severe and outrageous and was the cause of the Plaintiff's distress.

44. The foregoing conduct by the Defendants and their agents constitute the tort of negligent infliction of emotional distress under the laws of the State of Connecticut.

45. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants and:

- Award Plaintiff such damages as are permitted by law, including actual damages, statutory damages, and punitive damages under applicable state and federal law. Fed. R. Civ. P. 54(c); and

- Award Plaintiff attorney's fees and costs per Fed. R. Civ. P. 54(d);

- Grant such other and further relief as may be just and proper.


THE PLAINTIFF
TAMMIE A. KELSEY


By:  */s/ Eric L. Foster*

Eric L. Foster, Esq.  ct29740
Eric Lindh Foster Law, LLC
48 Main Street
Old Saybrook, CT 06475
Tel: (203) 533-4321
Fax: (203) 738-1024